**In re John R. and Margo D. DOSS, Debtors.**

**John R. and Margo D. DOSS**

v.

**UNITED STATES of America Department of the Treasury, Internal Revenue Service, and Basil Hicks, Trustee.**

**Bankruptcy No. LR–82–612.
Adv. No. AP 83–308F.**

United States Bankruptcy Court,
E.D. Arkansas, W.D.

May 14, 1984.

James E. Smith, Jr., Little Rock, Ark., for debtors.

George W. Proctor, U.S. Atty., Little Rock, Ark., Lawrence Sherlock, Trial Atty., Tax Div., Department of Justice, Washington, D.C., for the United States.

Basil V. Hicks, Jr., North Little Rock, Ark., trustee.

ROBERT F. FUSSELL, Bankruptcy Judge.

## ORDER SUSTAINING IN PART AND OVERRULING IN PART DEBTORS' OBJECTION TO CLAIMS

Pending before the court is an adversary proceeding filed in these Chapter 7 proceedings wherein the debtors in an Objection to Claim contend that certain unsecured tax claims of the United States should not be given priority status but should be treated as general unsecured claims. They ask the court to find that the claims of the defendant are general unsecured claims not entitled to priority under either 11 U.S.C. § 507(a)(2) or 11 U.S.C. § 507(a)(6) and therefore dischargeable. For purposes of the proceeding the parties have stipulated to the following facts:

1. John and Margo Doss are the plaintiffs in this adversary proceeding and are the debtors in a Chapter 7 case now pending before this court.

2. The United States of America is a defendant in this adversary proceeding and is a creditor in the plaintiff's Chapter 7 case.

3. The Plaintiffs' Chapter 7 petition was filed on July 7, 1982.

4. On September 15, 1982, a proof of claim was filed in the Chapter 7 case by the United States for unpaid federal income taxes for the following taxable years and in the following amounts:

| Year | Date of Assessment | Amount of Tax | Amount of Interest to Petition Date |
|------|------|------|------|
| 1976 | 3/3/80 | $ 6,808.69 | $ 4,043.90 |
| 1977 | 3/3/80 | 14,481.00 | 6,284.55 |
| 1973 | 3/3/80 | –0– | 937.23 |
| 1979 | 9/29/80 | –0– | 1,567.51 |

5. On September 24, 1982, a supplemental proof of claim was filed for additional federal income taxes for the following years and amounts:

| Year | Date of Assessment | Amount of Tax | Amount of Interest to Petition Date |
|------|------|------|------|
| 1976 | Unassessed | $ 4,845.00 | $ 2,529.99 |
| 1977 | Unassessed | 2,159.00 | 937.54 |
| 1978 | Unassessed | 646.00 | 241.76 |
| 1979 | Unassessed | 957.00 | 358.15 |

6. For the years 1976, 1977 and 1978, the plaintiffs signed their federal income tax returns on Friday, November 30, 1979, and their representative attempted to hand deliver the original of the returns to the cashier at the cashier's window of the Collection Division of the District Director's office at approximately 4:20 p.m., but the cashier refused to accept these returns, though the office was open until 4:30 p.m. The plaintiffs' attorney then mailed these three returns to the District Director at Little Rock by certified mail, return receipt requested, on the evening of November 30, 1979, and they were duly received and so stamped by personnel of the office on December 4, 1979.

7. For the taxable year 1979, the plaintiffs timely filed their federal income tax return on August 15, 1980.

8. The plaintiffs do not concede nor are they contesting at this time the correctness of the amounts claimed by the United States, this matter being reserved until the question of discharge is decided.

Both parties submitted briefs in this matter, and the court has read these briefs as well as reviewed the files and pleadings and concludes that only the 1979 tax claim is entitled to priority status in a distribution of any dividend available to unsecured creditors and is nondischargeable in these Chapter 7 proceedings. All other tax claims are determined to be general unsecured claims and the debtors are entitled to discharge of these debts. The court bases its decision on the following factors.

The plaintiffs are debtors in this Chapter 7 case which was filed on July 7, 1982. The defendant filed proofs of claim in the case for unpaid federal income taxes and interest for the years 1976 through 1979. The first proof of claim listed taxes and interest which had already been assessed in March and September of 1980. The second proof of claim listed taxes for the same years which had not been assessed at the time the Chapter 7 petition was filed and which have still not been assessed.

For three of the taxable years in question, i.e., 1976, 1977, and 1978, the plaintiffs filed their income tax returns on November 30, 1979 or December 4, 1979 (see stipulation 6, supra). Those three returns were all filed late. For the remaining year, 1979, the plaintiffs filed their return on time pursuant to extension on August 15, 1980.

After the defendant filed its proofs of claim, the plaintiffs commenced this proceeding contending that none of the amounts claimed by the defendant were entitled to priority status. The defendant filed an answer to the plaintiffs' objection conceding the non-priority status of the amounts already assessed for the years 1976, 1977 and 1978. However, the answer

contended that all amounts claimed for the year 1979 and the unassessed amounts for 1976, 1977 and 1978 were properly classified as priority claims.

The parties involved in the pending dispute argue for their positions from two different perspectives. On the one hand, the debtors begin with the premise that Section 727 of the Bankruptcy Code provides that they are entitled to receive a discharge from all dischargeable debts. They aver that Section 727 incorporates Section 523 of the Bankruptcy Code which excepts from discharge a limited class of debts including certain tax liabilities. The plaintiffs contend that the discharge from debts that was granted to them by this court pursuant to 11 U.S.C. § 727 is effective to discharge the debts due to the defendant for the taxable years 1976, 1977 and 1978. They base their argument primarily upon an interpretation of Section 523(a)(1)(B)(ii) of the Bankruptcy Code; because the tax years in question are more than three years old and the tax returns for those years were filed after the date on which such returns were last due, but more than two years before the petition was filed, these taxes should not be excepted from discharge.[1]

The defendant, on the other hand, begins with the premise that certain claims in bankruptcy proceedings are entitled to priority payment if the claim meets certain criteria citing Section 507(a)(6) of the Bankruptcy Code. Defendant contends that this section allows its unsecured claim priority in any distribution of payments if the claim meets any one of three criteria set out in that provision; if the claim is for a tax year not more than three years old, if the tax

---

1. § 523. Exceptions to discharge
(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual from any debt—
  (1) for a tax or a customs duty—
    (A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(6) of this title, whether or not a claim for such tax was filed or allowed;
    (B) with respect to which a return, if required—

    (i) was not filed; or
    (ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or
    (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax;

was assessed within 240 days of the filing of the petition, or if the tax was not assessed before the filing of the petition, but could be assessed after the filing.

The defendant asserts that the tax claims under dispute herein meet at least one of the criteria set out in that provision of the Bankruptcy Code, i.e., the taxes claimed for the year 1979 fall into the first category of priority tax claims because the tax return for the year 1979 was due on April 15, 1980, which is within three years before the filing of the petition. The defendant contends that the claims for unassessed taxes for the years 1976, 1977, and 1978 fall into the third category of priority tax claims; i.e. taxes which were not assessed before the commencement of the bankruptcy proceeding but were assessable after that time pursuant to applicable law citing Section 6501(a) of the Internal Revenue Code of 1954 (26 U.S.C.). This law provides that the amount of any tax imposed by Title 26 shall be assessed within three years after the return was filed (whether or not such return was filed on or after the date prescribed). The defendant avers that since the debtors' returns for 1976, 1977 and 1978 were filed on either November 30, 1979 or December 4, 1979 (see stipulation 6, supra) the statute of limitations on assessment for those years was open when the bankruptcy petition was filed on July 7, 1982. They contend they are thus entitled, under the third criteria, to have these claims treated as priority claims. Additionally, the defendant points out that any one of the three criteria could be applied separately and that a claim for priority status can be achieved under any one of the three.

The second part of the defendant's brief raises the additional issue of whether these taxes given priority status are also nondischargeable and asks this court to so find. The defendant argues that it is the "intent of the Bankruptcy Code to make priority taxes non-dischargeable and non-priority taxes dischargeable." (See page 8 of the defendant's brief.)

The debtors/plaintiffs filed a reply brief asserting that the defendant's argument on priority, based on 11 U.S.C. Section 507(a)(6) is inapplicable because the issue before the court is dischargeability under Section 523. (See page 1, debtors' Reply Brief.)

Initially the court would make the observation that the original issue presented to it in the debtors' Objection to Claim was whether certain tax claims are entitled to priority status or should be classified along with all other general unsecured claims. As will be shown in this opinion, once a determination regarding priority status is made the issue of dischargeability of these same debts can then be decided.

The primary issue presented to the court is whether the unassessed amounts listed in the defendant's tax claims lodged against these debtors for 1976, 1977 and 1978 and all of the taxes claimed for 1979 are entitled to priority status. The secondary issue and argument regarding dischargeability has evolved through the briefs filed by the parties and will also be dealt with by this court.

Whether a claim for income taxes is entitled to priority payment is determined by Section 507(a)(6)(A) of the Bankruptcy Code (11 U.S.C.). That section provides as follows:

§ 507. Priorities.

(a) The following expenses and claims have priority in the following order:

\*    \*    \*    \*    \*    \*

(6) Sixth, allowed unsecured claims of governmental units, to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pend-

ing, before the date of the filing of the petition; or

(iii) other than a tax of a kind specified in Section 523(a)(1)(B) or Section 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after the commencement of the case;

■ The defendant concedes that certain of its tax claims are *not* entitled to priority, namely, taxes for 1976, 1977 and 1978 which were assessed March 3, 1980, because those claims do not meet the first criterion. The tax return for each of those years was due before July 7, 1979, three years before the date of the filing of the petition. Further, defendant acknowledges that those claims do not meet the second or third criterion because the taxes for each year were assessed and such assessment took place more than 240 days before the filing of the petition. Defendant asserts, however, that the unassessed taxes for 1976, 1977, 1978 and all taxes for 1979 do meet at least one of the criterion.

■ First, the defendant contends that the taxes claimed for the year 1979 fall into the first category of priority tax claims because the tax return for the year 1979 was due on April 15, 1980, which is within three years before filing of the petition. Although the debtors included this tax claim within its objection in its original pleading, the court observes that they apparently abandoned this claim because it was not addressed in their original brief or reply brief. In any event, the court agrees with the defendant that all taxes for 1979 are entitled to priority status. 11 U.S.C. § 507(a)(6)(A)(i).

The defendant also asserts that the unassessed taxes for years 1976, 1977 and 1978 fall into the third category of priority tax claims pursuant to Section 507(a)(6)(A)(iii); that these taxes which were not assessed before commencement of the bankruptcy proceeding, were assessable after that time. As their authority for this ability to assess these taxes and in support of its argument defendant cites the Internal Revenue Code of 1954 (26 U.S.C.) Section 6501(a), which provides that the IRS must assess these taxes within three (3) years after the return was filed. The defendant reasons that since the debtors filed these returns on November 30, 1979 or December 4, 1979 (see stipulation 6, supra) the statute of limitations on assessment for those years was open when the bankruptcy petition was filed July 7, 1982. If the defendant's simplified analysis of § 507(a)(6)(A)(iii) were completely accurate, arguably these claims might be entitled to priority. The analysis, however, is not complete.

The defendant does make the observation that the third criteria, and the one upon which it is relying for its claim of priority status, Section 507(a)(6)(A)(iii), does contain certain exclusions from its coverage, namely a tax of a kind specified in Section 523(a)(1)(B) or Section (a)(1)(C).

These two provisions of Section 523 of the Bankruptcy Code provide pertinently:

(a) A discharge under Section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

\* \* \* \* \* \*

(B) with respect to which a return, if required—

\* \* \* \* \* \*

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax;

The defendant, on page 7 of its brief, makes the following assertions:

If the taxes at issue herein fit either of those subparagraphs, then the taxes are outside the coverage of Section 523(a)(1)(B) or (C). First, a return was filed, albeit untimely, for all three years, 1976, 1977 and 1978. Second, although

the returns were filed after the dates on which they were due, they were not filed after two years before the date of the filing of the petition. Third, the debtors did not file fraudulent returns or willfully attempt to evade the tax. Thus, the unassessed taxes for 1976, 1977, and 1978 fall within the class of taxes described by Section 507(a)(6)(A)(iii) and are entitled to priority.

The debtors' reply brief avers that the defendant is utilizing 26 U.S.C. § 6501(a) to overrule the clear provisions of Section 523(a)(1)(B)(ii) which provision allows the debtors to obtain a discharge if their returns were filed untimely but more than two years before the filing of the petition in bankruptcy. The defendant's argument does not specifically assert that the two year rule in Section 523(a)(1)(B)(ii) should be expanded to the three year statute of limitations set out in 26 U.S.C. § 6501(a). Although its argument surrounding this IRS Code provision appears to be directed only toward the Service's ability and mandate to assess taxes for up to three years after the returns are filed, it goes on to state, erroneously, that this mandate brings the subject claim within the requirements of Section 507(a)(6)(A)(iii), i.e. taxes not assessed before the commencement of the bankruptcy case but still capable of being assessed after the case is filed. The debtors filed their petition July 7, 1982 and filed the relevant tax returns November 30, 1979 or December 4, 1979 (see stipulation 6, supra). Hence, the three year time limit, the defendant argued, had not run for assessment when the debtors petition was filed. The taxes were thus not assessed but could still be assessed, and, as such, qualified for priority status.

The defendant has conveniently, but inaccurately, paraphrased and given its own interpretation of the section upon which they are relying. The relevant section is as follows:

(iii) other than a tax of a kind specified in Section 523(a)(1)(B) or Section 523(a)(1)(C) of this title, not assessed before but assessable, under applicable law or by agreement, after the commencement of the case;

It is this court's interpretation of that provision that the clauses following the first comma modify and relate to the first clause. In this court's opinion this is the only interpretation which would allow a court to read together, and give effect to, all provisions of the Code, which is the intent of Congress when drafting a statute. *Reiter v. Sonotone Corp.*, 442 U.S. 330, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979). To do otherwise would, as the debtors contend, render ineffective Section 523(a)(1)(B)(ii) or make it meaningless in a fact situation such as the one presented here.

■ The court thus concludes that the unassessed taxes for 1976, 1977 and 1978 are not entitled to priority status and shall be considered general unsecured claims.

■ The second issue raised and argued by the parties in the briefs concerns whether any of the disputed tax claims entitled to priority are also nondischargeable pursuant to Section 523 of the Bankruptcy Code. The defendant concedes that the taxes for 1976, 1977 and 1978, which were assessed on March 3, 1980, do not come within any exception to discharge contained in Section 523 and as such are dischargeable. The taxes due for 1979 have been determined by this court to be entitled to priority status pursuant to Section 507(a)(6)(A)(i). Section 523(a)(1)(A) provides that a tax of the kind and for the periods specified in Section 507(a)(6) will be excepted from discharge and hence this debt in not only entitled to priority status in any distribution but it is nondischargeable under Section 523 of the Bankruptcy Code.[2] Lastly, the court has denied priority status to the remaining tax claims, namely, unassessed taxes for 1976, 1977 and 1978 and, pursuant to this finding, also concludes that these debts are dischargeable.

Accordingly, for the foregoing reasons, it is hereby

2. See note 1, supra.

ORDERED AND ADJUDGED that the debtors' Objection to the priority status of defendant's 1976, 1977 and 1978 tax claims, assessed March 3, 1980, is sustained; that the debtor's Objection to the priority status of defendant's tax claim for 1979 is overruled, and the claim given priority status and determined to be non-dischargeable; and that the debtors' objection to the priority status of defendant's unassessed tax claims for 1976, 1977 and 1978 is sustained. It is further

ORDERED AND ADJUDGED that assessed and unassessed tax claims for 1976, 1977 and 1978 are, pursuant to the findings contained in this opinion, dischargeable and that tax claims for 1979 are nondischargeable.