In Re Garrett & Myrna
COHN, Debtors.

Garrett & Myrna COHN, Plaintiffs,

v.

STATE OF ILLINOIS, DEPARTMENT
OF REVENUE, Defendant.

Bankruptcy Nos. 86 B 07797, 86 A 833.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Feb. 23, 1988.

James Sprayregen, Lord, Bissell &
Brook, Chicago, Ill., for plaintiffs.

James D. Newbold, Sp. Asst. Atty. Gen.,
Revenue Litigation Div., Chicago, Ill., for
defendant.

## MEMORANDUM OPINION

ERWIN I. KATZ, Bankruptcy Judge.

The debtors filed a complaint to determine the dischargeability of taxes to be asserted by the State of Illinois, Department of Revenue. Both parties have filed motions for summary judgment.

The debtors filed original state income tax returns for each of the taxable years from 1972 through 1981. The Internal Revenue Service audited the debtors' federal returns for each of these years and determined that the debtors had underestimated their taxable income for each of these taxable years. The IRS assessed the deficiencies which arose from the understatement of taxable income. The debtors have not filed amended returns with the state.

At issue is whether the debtors' failure to file amended returns with the state renders these taxes nondischargeable under 11 U.S.C. Section 523(a)(1)(B)(i).

Section 523 excepts from discharge any debt—

(1) for a tax or a customs duty—

(b) with respect to which a return, if required—

(i) was not filed; or

It is the state's contention that the debtors were under a duty to file amended returns reflecting the changes in taxable income as determined by the IRS within 20 days of the date when the IRS assessments became final. It is also the state's contention that failure to file these amended returns excepts the related taxes from discharge as the debtors have failed to file

required returns within the meaning of Section 523(a)(1)(B)(i).

 The relevant state statute, Section 506(b) of the Illinois Income Tax Act (Ill. Rev.Stat. Ch. 120, Paragraph 5–506(b)) provides in part:

> In the event the taxable income ... reported in a Federal Income Tax return of any person for any year is altered by amendment of such return or as a result of any other recomputation or redetermination of federal taxable income ... and such alteration reflects a change ... with respect to any item ... entering into the computation of such person's base income for any year under this Act ... such person shall notify the Department of such alteration. Such notification shall be in the form of an amended return or such other form as the Department may by regulations prescribe, shall be signed by such person or his duly authorized representative, and shall be filed no later than 20 days after such alteration has been agreed to, or finally determined for Federal Income Tax purposes ...

The rationale for the above requirement is clear in that state tax returns are calculated based upon the adjusted gross income or taxable income properly reportable for federal income tax purposes. See Ill.Rev. Stat. Ch. 120, Paragraph 2–203(e)(1).

The debtors argue that by filing the original returns that they have filed all required returns, i.e., that Section 506(b) of the Illinois statute should not be interpreted to require the filing of an amended return, but only to require notification to the State of a change in federal taxes. The debtors have not alleged that they have in any manner attempted to notify the state.

 Reading the language of the state statute in the light most favorable to debtor's interpretation, the court can only determine that the state may by regulation alter the form of notification. It is not alleged that the state has done so, and by the clear language of the statute the debtors are required to notify the state by way of an amended return, signed by the debtor and filed within a prescribed time. The court finds that the debtors were required to file amended returns for each of the taxable years of 1972 through 1981, they did not file these returns and any taxes due under the properly amended returns are not dischargeable under the provisions of 11 U.S.C. Section 523(a)(1)(B)(i). Thus, this court finds itself in agreement with the findings in *In re Haywood*, 62 B.R. 482 (Bankr.N.D.Ill.1986).

(The court notes that even if the state would accept notification in some manner other than an amended return, given the requirements and purposes of such notification it is doubtful that a different nomenclature would remove this requirement from the meaning of 11 U.S.C. Section 523(a)(1)(B)(i).)

In light of the foregoing, it is not necessary to reach the state's further arguments on other grounds.

In accordance with the foregoing, an order will be entered granting the State of Illinois, Department of Revenue's Motion for Summary Judgment.