**In re Jerald and Lenore GREENSTEIN, Debtors.**

**Jerald and Lenore GREENSTEIN, Plaintiffs,**

**v.**

**ILLINOIS DEPARTMENT OF REVENUE, Defendant.**

Bankruptcy No. 88 B 9246.
Adv. No. 88 A 0571.

United States Bankruptcy Court, N.D. Illinois, E.D.

Jan. 24, 1989.

584

James E. Newbold, Asst. Atty. Gen., Revenue Litigation Div., Chicago, Ill., for Dept. of Revenue.

Abraham Brustein, Patricia J. Cullinan, Burke and Smith, Chtd., Chicago, Ill., for plaintiffs.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

■ The Debtors' complaint asks for a declaratory judgment determining the dischargeability under Section 523(a)(1) of the Bankruptcy Code of a debt for taxes due the Illinois Department of Revenue. The dispositive issue is whether Section 523(a)(1) excepts from discharge taxes reported on an *amended* tax return filed (1) after the last due date for that amended return and (2) within two years before the bankruptcy filing, when (3) the *original* return was due and was timely filed more than three years before the bankruptcy petition was filed. The parties have stipulated to the material facts and both sides have moved for summary judgment on the issue of dischargeability. The Court holds that the taxes are not dischargeable, and therefore the defendant, Illinois Depart-

ment of Revenue's motion will be granted and the Plaintiffs/Debtors' motion will be denied.

FACTS:

The facts are not in dispute. The Debtors filed their Illinois income tax returns on a timely basis for the tax years 1978, 1979 and 1980. In 1986, the Debtors' federal income tax returns for those years were audited by the Internal Revenue Service. Deficiencies were assessed for all three years and were made final by June, 1986.

Since the Illinois income tax is based on a taxpayer's federal taxable income, the federal assessments increased the Debtors' Illinois income tax liabilities. Pursuant to Ill.Rev.Stat. ch. 120 ¶ 5–506, a taxpayer whose federal taxable income is altered must file an amended Illinois income tax return reflecting the alteration within 120 days after the federal alteration becomes final. The Debtors filed amended Illinois income tax returns for the years in question on June 8, 1987, which was approximately one year after the federal alterations had been made final.

On June 15, 1988, the Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code. The Illinois Department of Revenue filed a claim for taxes due as reported on the amended returns. The Debtors subsequently filed the complaint in this adversary proceeding to determine the dischargeability of that tax liability.

DISCUSSION:

The Debtors argue that Section 523(a)(1) does not except the state tax liability from discharge. The foundation of the Debtors' argument is that their original Illinois income tax returns for 1978, 1979 and 1980 were filed on a timely basis. The Debtor's go on to argue that timely filing of the original returns precludes application of either Section 523(a)(1)(A) or 523(a)(1)(B)(ii). Section 523(a)(1)(A) provides:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(1) for a tax ...

(A) of the kind and for the periods specified in section ... 507(a)(7) of this title ...

The relevant portion of Section 507(a)(7) specifies:

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition ...

Thus, an income tax for a pre-bankruptcy tax year is not dischargeable if the return was due within three years before the debtor filed his or her bankruptcy petition.

Subsection (B) of Section 523(a)(1) excepts a tax obligation,

(B) with respect to which a return, if required—

(i) was not filed; or

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition ...

Subsection (B)(ii), therefore, denies a discharge of a tax debt for any year, regardless of when the return was due, if the debtor failed to file a timely return for that tax, provided that the late return was filed within two years before the debtor filed the bankruptcy petition.

The Debtors argue that their 1978, 1979 and 1980 tax returns do not fall within the three year time limit of Section 507(a)(7) or the two year time limit of Section 523(a)(1)(B)(ii) because they filed their original returns nine, eight and seven years before they filed their bankruptcy petition. They contend that the two and three year time limits of Sections 523 and 507 do not pertain to amended tax returns. The Debtors further argue that exceptions to discharge must be liberally construed in favor of a debtor to effectuate the congressional fresh start policy.

This Court will only discuss the application of subsection (B)(ii), which is dispositive. Section 523(a)(1)(B)(ii) excepts from discharge taxes for which "... a *return ... was filed after the date on which such return was last due, under applicable law* ... and after two years before the date of the filing of the petition ..." (emphasis added). Under that section, therefore, whether a tax claim is excepted from the Chapter 7 discharge depends on the taxpayer/debtor's compliance with applicable law governing the filing of the appropriate tax return. The effect of the two year limitation period is to allow the taxing authorities a reasonable time to collect the tax or create a lien on assets of the debtor. That period should begin with the filing of the return that reports or should report the debts the taxing authority seeks to collect. Until that return is filed, the taxing authority cannot be expected to take action to assess or collect the tax.

The Debtors argue, however, that the original returns triggered the state's opportunity to investigate and determine any additional tax liability. But as the Department of Revenue points out, Illinois has a "piggyback" tax system. That is, the state tax is computed on the basis of the taxpayers federal tax return. *See, In re Haywood,* 62 B.R. 482, 485 (Bankr.N.D. Ill.1986). Consistent with that system, Illinois law requires an amended return when the taxpayer's federal tax liability as originally reported is altered.

In the event the taxable income, any item of income or deduction, or the income tax liability reported in a federal income tax return or the income tax return of any other state of any person for any year is altered by amendment of such return or as a result of any other recomputation or redetermination of federal or state taxable income or loss, and such alteration reflects a change or settlement with respect to any item or items affecting the computation of such person's base income allocable to Illinois for any year under this Act ... such person shall notify the Department of such alteration. Such notification shall be in the form of an amended return ... and shall be filed not later than 120 days after such alteration has been agreed to or finally deter-

mined for federal income tax purposes ... Ill.Rev.Stat. ch. 120 ¶ 5–506(b) (1986). This statute makes the taxpayer responsible for reporting any change in federal income taxes that affects the computation of the Illinois income tax. It also recognizes that the state cannot be expected to audit tax returns filed with another jurisdiction. For the state to do so would not only duplicate the efforts of others, but also lead to the possibility of inconsistent results and clashes of authority. Therefore, at least where the obligation to file an amended state return is triggered by the alteration of a federal or other state's tax, that amended return is a "return" for purposes of the Section 523(a)(1)(B)(ii) two year period.

The Debtors are correct that the Congressional policy of a fresh start for debtors is not served by excepting this debt from discharge. However, the same is true for all debts that are held non-dischargeable. Congress has determined that certain policies override the basic fresh start policy of bankruptcy filing. One such policy is compliance with federal and state tax filing deadlines. *See*, S.Rep. No. 95–1106, 95th Cong., 2d Sess. 22 (1978). Therefore, holding that Section 523(a)(1)(B)(ii) includes amended tax returns required as a result of the alteration of another jurisdiction's tax, as well as original tax returns, is entirely consistent with Congressional policy.

This result is also consistent with decisions in this district construing subsection (B)(i) of Section 523(a)(1), which denies the discharge of a tax for which a required return was not filed at all (as opposed to subsection (B)(ii), involved here, which deals with late returns). In *Haywood*, 62 B.R. 482, and *In re Cohn*, 96 B.R. 827 (Bankr.N.D.Ill.1988), the courts held that when Ill.Rev.Stat. ch. 120, ¶ 5–506(b) required the filing of an amended return, the failure to file such a return resulted in the non-dischargeability of the related tax debt. There is no reason why the result should be different here.

It is undisputed that the Debtors filed their amended Illinois returns for the tax years 1978, 1979 and 1980 more than 120 days after the deficiencies assessed for those years became final. The Debtors' amended tax returns were therefore filed after the last due date set for those returns by applicable law, that is, Ill.Rev.Stat. ch. 120, ¶ 5–506(b). In addition, the last due date for the amended returns was within two years before the Debtors' bankruptcy filing. Consequently, the liability for the tax reflected on the amended returns is non-dischargeable under Section 523(a)(1)(B)(ii).

In light of the foregoing, it is not necessary to discuss the application of Sections 523(a)(1)(A) and 507(a)(7) to the facts here.

An Order will be entered accordingly.