Michael ETHERIDGE and Lorine
Etheridge, Plaintiffs,

v.

STATE OF ILLINOIS, Defendant.

No. 89–1043.

United States District Court,
C.D. Illinois.

July 12, 1989.

Gregory McHugh, Aledo, Ill., for plaintiffs.

Dan Slack, Rock Island, Ill., for defendant.

ORDER

MIHM, District Judge.

Michael and Lorine Etheridge (herein "Debtors") are appealing the bankruptcy court's decision in favor of the State for $14,658 of Retailers Occupation Taxes, owed to the Illinois Department of Revenue by the Etheridges' retail building supply business. The issue on appeal is whether a late filed tax return, filed more than two but less than three years before the bankruptcy petition, is excepted from discharge under Bankruptcy Code § 523(a)(1). 11 U.S.C. § 523(a)(1).

For the reasons stated below, the Court affirms the bankruptcy court's order.

BACKGROUND

The Bankruptcy Code attempts to balance the debtor's interest in a fresh start with creditors' interest in maximizing both the pool of assets and their individual recoveries. The Code sections at issue in this case reflect this tension.

The primary mechanism for an individual debtor's fresh start is a discharge in bankruptcy, 11 U.S.C. § 524, which operates to enjoin any attempt to enforce a discharged claim. Other policies, which support the interests of certain creditors over those of the debtor, are reflected in the priorities for distribution of payments from the bankruptcy estate, 11 U.S.C. § 507, and in the exceptions from discharge of certain claims, 11 U.S.C. § 523. This case involves the state government's interest in collecting taxes due, which are generally afforded seventh priority, 11 U.S.C. § 507(a)(7); and the non-dischargeability of certain tax claims under § 523(a)(1). 11 U.S.C. § 523(a)(1).

The parties here disagree about the interplay between these two sections of the Bankruptcy Code, as applied to certain retailer taxes payable by the Etheridges' business between two and three years prior to their bankruptcy filing. The Code's provisions and a recent Seventh Circuit decision appear to dispose of both the older and the more recent tax liabilities. (Older taxes are "stale," whereas newer ones are

non-dischargeable as a matter of public policy).

Retailers Occupation tax returns are due on the last day of the month for the preceding month. Ill.Rev.Stat. ch. 120, ¶¶ 440, 444. On October 9, 1985, the Etheridges filed a consolidated late tax return covering February through September 1984, plus November 1984 through July 1985, admitting total tax liability of $30,542. The Department of Revenue issued a notice of delinquency on April 28, 1987, by which time $38,577 was due including interest and penalties. The Etheridges made two payments totaling approximately $1,300. They filed a voluntary Chapter 7 bankruptcy petition on October 21, 1987.

Pursuant to the Seventh Circuit's decision in *In re Groetken,* 843 F.2d 1007 (7th Cir.1988), the bankruptcy court issued a pretrial order discharging Etheridges' liability for the portion of taxes for which a return was last due more than three years before filing for bankruptcy. (Adv. No. 87–8266, June 2, 1988). After trial, Judge Altenberger ruled in favor of the State of Illinois on the remaining tax obligation of $14,658 in late-filed taxes, due more than two but less than three years before the Etheridges' bankruptcy filing. *In re Etheridge,* 91 B.R. 842 (Bkrtcy.C.D.Ill.1989).

## DISCUSSION

### Liberal v. Strict Construction

The Debtors argue first that the bankruptcy court did not apply the "applicable standard of review" (Brief of Appellant, p. 2) for barring a discharge. Debtors argue that the Bankruptcy Code must be liberally construed in favor of the debtor and any bar to discharge must be strictly construed against the creditor. Debtors further argue that Congress specifically approved discharge of tax debts. In support, Debtors cite *United States v. Sanabria,* 424 F.2d 1121 (7th Cir.1970), which stands for the proposition that discharge in bankruptcy prevents a lien for taxes due and owing more than three years before the bankruptcy filing, from attaching to after-acquired property. Quoting the Senate Committee Report for the 1966 bankruptcy amendments, the court noted the importance of discharge to allow honest debtors "a fresh start unburdened by what may be an overwhelming liability for accumulated taxes." The *Sanabria* court found that "the dominant purpose of the change was to relieve a debtor of the burden of these older taxes [i.e., those due more than three years before filing] after bankruptcy." 424 F.2d 1121, 1122. In the instant case the decision in *In re Groetken,* 843 F.2d 1007 (7th Cir. 1988) was dispositive on the question of the portion of the taxes due and payable more than three years before the bankruptcy filing; however, the *Sanabria* case sheds no further light on the issue remaining on appeal, which is the status of taxes due and payable more than two but less than three years before the bankruptcy filing.

In further support of their contention that the courts are to construe any exceptions to discharge in favor of the debtor, Debtors cite *In re Tester,* 62 B.R. 486, 490 (Bkrtcy.W.D.Va.1986), which in turn refers to the Collier treatise on bankruptcy, stating, "exceptions to discharge are to be strictly construed against the objecting creditor and liberally in favor of the debtor." 3 *Collier on Bankruptcy,* § 523.05A at 523–15 (1985).

However, another authority has noted the countervailing policy underlying non-dischargeability of tax liens: "in effect the Bankruptcy Code is making a policy decision in favor of the tax collector over the debtor's need for sufficient property to make a fresh start." *Ginsberg on Bankruptcy,* ¶ 6104, p. 6026 (1988 Supp.). In a subsequent section dealing with tax claims, the Ginsberg treatise states, "federal, state or local tax claims generally will not be discharged in a Chapter 7 case ... The Bankruptcy Code takes a very narrow view of the dischargeability of tax claims owed to any governmental unit." *Id.* at ¶ 11,302, p. 11.031. The State also argues on appeal that the Bankruptcy Code's priority treatment of obligations owed to governments implies policy support for non-dischargeability of these taxes. The Court agrees.

*Extra Burden on State*

■ Debtors further argue that bankruptcy courts have placed a heavy burden on the state to avoid a tax discharge. In support of this proposition, they cite three cases:

1. *In re Cerar*, 84 B.R. 524 (C.D.Ill. 1988). This case was recently before this Court. *Cerar v. Federal Deposit Insurance Corp.*, 97 B.R. 447 (C.D.Ill.1989). *Cerar* interprets § 523(a)(6) (non-dischargeability for willful and malicious injury to others' property). The subject of the case was an FDIC-insured account, rather than a tax owed to a governmental unit. This Court's ruling in *Cerar* relied on elements and standards set forth in *In re Kimzey*, 761 F.2d 421 (7th Cir.1985), which also involved a debtor/bank relationship and the "willful and malicious injury" section, § 523(a)(6), rather than a governmental entity, § 523(a)(1). The standard set forth in *Kimzey*, clear and convincing evidence, applies to private creditors as well as the government.

2. *Matter of Carracino*, 53 B.R. 513 (Bkrtcy.D.N.J.1985). In *Carracino*, the court denied summary judgment to the state for failing to provide sufficient information to determine whether the taxes due were of the kind and for the period specified in § 523(a)(1)(A) (exceptions to discharge for certain tax obligations).

3. *Matter of Carapella*, 84 B.R. 779 (Bkrtcy.M.D.Fla., Tampa Div.1988). *Carapella* was convicted of mail fraud through eight shell corporations, none of which had filed any income tax returns. The IRS was owed over $1 million, and Carapella had been imprisoned. The IRS agent who identified the shell corporations filed alternate documents (IRS Form 870) for identification purposes, which defendant signed; these functioned as the equivalent of tax returns. Therefore, the court ruled against the state under § 523(a)(1)(B)(i) (tax debt non-dischargeable if no return or equivalent document is filed). However, the court remanded for fact finding on the dischargeability of the tax liability pursuant to § 523(a)(1)(C), (fraud and misrepresentation with respect to a tax debt).

Neither *Carracino* nor *Carapella* appears to contradict the clear and convincing evidence standard of *Kimzey*, supra. The Debtors have presented no argument sufficient to reverse the bankruptcy court's finding that the State has met its burden.

*Rules of Statutory Construction*

The Debtors argue that the statutory construction used by the bankruptcy court was in error. The relevant Bankruptcy Code sections provide in pertinent part:

§ 507. PRIORITIES

(a) The following expenses and claims have priority in the following order:

\*    \*    \*    \*    \*    \*

(7) Seventh, allowed unsecured claims of governmental units; only to the extent that such claims are for—

(A) a tax on measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

§ 523. EXCEPTIONS TO DISCHARGE

(a) A discharge under section 727, ... of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which a return, if required—

(i) was not filed; or

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

Debtors would have the Court read subsections (A) and (B) of § 523(a)(1) together with subsections (B)(i) and (ii) as excep-

tions. According to this reading, § 523(a)(1)(A) is not a separate and independent requirement, even though it is followed by a semicolon, because it is not followed by the word "or". Thus, there would be only three bars to discharge: for non-filing under § 523(a)(1)(B)(i), for late filing under (B)(ii), and for fraud or tax evasion under (C). Based on this construction, the Debtors argue that under § 523(a)(1)(B)(ii), the late filed tax returns for taxes due more than two but less than three years before filing the petition, are dischargeable.

Debtors raise the rule of statutory construction *"expressio unius est exclusio alterius"*: where specific exclusions are listed, everything else is included. In support of this proposition, they cite *Andrus v. Glover Construction Co.*, 446 U.S. 608, 100 S.Ct. 1905, 64 L.Ed.2d 548 (1980), which held that the Buy Indian Act does not apply to road construction projects that would otherwise be competitively bid. The Debtors quote language in the opinion to the effect that when Congress enumerates exceptions, no additional ones are to be implied—leaving out, however, the subsequent phrase quoted in the *Andrus* opinion, "in the absence of contrary legislative intent". Here, as the State argues, legislative intent seems to support non-dischargeability.

Somewhat closer to home, Debtors cite *Matter of Cash Currency Exchange, Inc.*, 762 F.2d 542 (7th Cir.1985), dealing with whether a currency exchange is an entity that can be a Chapter 11 debtor under state law or under the Bankruptcy Code § 109(b)(2). In deciding that the Currency Exchange could be a debtor, the court, quoting a noted authority on statutory construction, stated, "enumeration of specific exclusions from the operation of a statute is an indication that the statute should apply to all cases not specifically excluded." 2A Sutherland, *Statutory Construction*, § 47.23; *Cash Currency Exchange*, 762 F.2d at 552.

Neither authority supports the Debtors' position unless one initially accepts their contention that §§ 523(a)(1)(A) and (B)

must be read together, with only subsections (B)(i) and (ii) and subsection (C) as exceptions.

The State argues that the purpose of subsection 523(a)(1)(B)(ii) is to extend non-dischargeability to late-filed taxes. In support of this reading, the State cites *Collier on Bankruptcy*, ¶ 523.06, 3B, and the legislative history of the 1978 Bankruptcy Reform Act, including both the House and Senate Reports. The legislative history notes that both: (1) taxes entitled to priority under §§ 523(a)(1)(A), 507(a)(7)(A)(i), and (2) taxes which come under subsections (B) or (C) of § 523(a)(1) are non-dischargeable.

The State also objects to the Debtors' suggested construction of § 523, which would combine subdivisions (a)(1)(A) and (B). The State argues that (A), (B), and (C) of § 523(a)(1) are alternative, independent subsections. Since the three subsections are a series, it is unnecessary to put "or" between each subsection; rather, it is sufficient to put "or" between the last two items in the series. Using an analogy to the ten numbered subsections of § 523(a), the State argues, convincingly, that it would be ridiculous to assume that (1) through (9) constitute a single alternative to subsection (10) simply because the subsections are separated by semicolons, not by "or". The State also refers to the bankruptcy court's analysis of the series of subsections in § 507 in the 1986 case of *In re Easton*, 59 B.R. 714 (Bankr.C.D.Ill.1986), in which the court construed the subsections of § 507 in the alternative.

■ The State faults the reasoning whereby Debtors look at a particular subsection of § 523 of the Code, find that they fall outside that subsection, and declare that they are thereby discharged. The State argues that Debtors' reasoning is fallacious because different, independent subsections of § 523 list other debts which are non-dischargeable. Since even those cases cited by the Appellant reach their ultimate holdings based on § 523(a)(1)(A) (*Edwards, Longley*, infra), or § 523(a)(1)(C) (*Carapella*, supra), this seems to be a legitimate criticism of Debtors' position.

Finally, the State cites the recent case of *In re Greenstein,* 95 B.R. 583 (Bankr.N.D. Ill.1989). The *Greenstein* case applies to the situation in which a late return was filed within two years before the debtor filed a bankruptcy petition. However, the *Greenstein* court notes in dicta that a tax is not dischargeable if the return was due within three years before the debtor filed a bankruptcy petition, stating: "the effect of the two year limitation period [in § 523(a)(1)(B)(ii) ] is to allow the taxing authorities a reasonable time to collect the tax or create a lien on assets of the debtor." This language is particularly applicable to the facts of *Greenstein,* which involved an amended tax assessment pursuant to an IRS audit. However, it is also apt in the instant case, since the Debtors attempt to base the dischargeability of their tax debt solely on the requirements of § 523(a)(1)(B)(ii).

*Whether Doss Case Should Control*

The Debtors rely on *In re Doss,* 42 B.R. 749 (Bankr.E.D.Ark.1984). In *Doss,* the IRS attempted to rely on § 507(a)(7)(A)(iii) (taxes not assessed before commencement of a bankruptcy case but still assessable after the case was filed). The debtors in that case countered that the taxes were ones for which a late return had been filed more than two years before bankruptcy filing and were thus dischargeable under § 523(a)(1)(B)(ii). The court agreed with the debtors that to rule otherwise would make § 523(a)(1)(B)(ii) ineffective and meaningless on those facts.

However, the State distinguishes *Doss,* because the *Doss* debtor's taxes were due more than three years before the bankruptcy filing; whereas in the instant case, the taxes arose from transactions between two and three years before the bankruptcy filing. This is a significant difference with respect to dischargeability under §§ 507 and 523 of the Bankruptcy Code.

The Debtors cite two additional cases interpreting the *Doss* decision. Both involve situations in which the IRS assessed a revised tax and penalties, based on a debtor's consent to extend the time to assess the taxes due. These facts bring the cases under § 507(a)(7)(A)(iii) (non-dischargeable tax measured by income or gross receipts which was not assessed before, but is assessable by agreement after, commencement of the bankruptcy case). Both cases are from the Northern District of Ohio.

In the first, *Matter of Longley,* 66 B.R. 237 (Bkrtcy.N.D.Ohio 1986), the debtors used the *Doss* case to support the proposition that their tax liability should be dischargeable because it was not entitled to priority under § 507(a)(7). The court interpreted *Doss* as follows:

> In effect, the [*Doss* ] court held that simply because a tax is a priority tax under § 507 because it is still assessable does not mean that the tax is automatically dischargeable and that if a debtor files a late return before two years before filing a Title 11 petition (thus taking the tax out of the provisions of § 523(a)(1)(B)(ii)), the tax is not entitled to priority and *is* thus, dischargeable.

66 B.R. 237, at 241. The *Longley* court pointed out that the debtor's reliance on *Doss* was misplaced because in *Doss* the debtors filed a late return more than two years before their bankruptcy filing, whereas in *Longley* there was no late return, so § 523(a)(1)(B)(ii) had no bearing. Ultimately, the *Longley* court held that if the taxes in question were assessable after commencement of the Chapter 7 case, they were entitled to priority under § 507(a)(7)(A)(iii) and were thus non-dischargeable under § 523(a)(1)(A).

The State notes that the *Longley* debtors filed a late return less than two years before their bankruptcy petition, but like *Doss,* for taxes due more than three years before the petition. In those cases, the taxes might be dischargeable because they would not meet the three-year requirement for priority under § 507(a)(7). In the instant case, however, the State argues that it is not necessary to proceed to an analysis under § 523(a)(1)(B)(ii) (late filing) because the taxes at issue are less than three years old and are entitled to priority under § 507; thus they are excepted from discharge under § 523(a)(1)(A).

The Debtors also rely on *Edwards v. IRS*, 74 B.R. 661 (Bankr.N.D.Ohio 1987), in which the IRS conducted an audit of the debtor's timely 1982 tax returns approximately three years later, and the debtor executed a consent to extend the time to assess the 1982 taxes until the end of 1986. The debtor filed for bankruptcy in July of 1986. The *Edwards* court distinguished between non-dischargeable tax claims with priority treatment and those without priority treatment, stating:

> Legislative intent is to treat tax claims arising from late filed or fraudulent returns as non-dischargeable, but general unsecured claims, and to treat tax claims arising from current returns, or recently assessed or assessable tax returns, as non-dischargeable, but unsecured claims with priority treatment.

The *Edwards* court therefore held that § 523(a)(1)(B) and (C) claims are not priority claims under § 507(a)(7)(A), but they are still non-dischargeable. The court distinguished the holding in *Doss* which held that taxes for tax years not entitled to priority were dischargeable. *Edwards* found that a debt arising from a tax liability assessed post-petition pursuant to an agreement, on a tax year for which timely but erroneous returns were filed more than two years before bankruptcy, is a priority non-dischargeable claim.

Thus, both the *Edwards* and *Longley* cases cited by Debtors actually seem to work against their argument: first, by distinguishing the holding in *Doss;* second, by relying in their final holdings on § 523(a)(1)(A) alone.

Furthermore, the State cites *In re Groetken*, supra, which found that whether the taxes came under § 507(a)(7)(A) (income or gross receipts tax) or § 507(a)(7)(E) (excise tax), the effect as to dischargeability is the same, as both subsections have a three-year period of priority. 843 F.2d at 1014. Since the Etheridges' remaining tax liability is for a period less than three years before their bankruptcy filing, arguably within the priority period, it is non-dischargeable without reference to the fine distinctions made by *Edwards* and *Longley*.

In sum, the Debtors' arguments are not well supported by either logic or precedent, while the State's argument appears reasonably well supported by the cases it cites and by the rules of statutory construction.

## CONCLUSION

After reviewing the facts and the applicable Code sections, the bankruptcy court quoted § 102(5) of the Bankruptcy Code, which states that "in this title ... 'or' is not exclusive." The legislative history for that section states, "if a party may do (a) or (b) then the party may do either or both. The party is not limited to a mutually exclusive choice between the two alternatives." Senate Report No. 95–989, 95th Cong.2d Sess. 28 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5814. 91 B.R. at 844.

Judge Altenberger also reviewed his decision in *In re Easton*, supra, involving a similar interpretation of the subsections of § 507. He concluded

> This court believes that the rule of construction as applied in the *Easton* case is likewise applicable in this case. The subparagraphs of § 523(a)(1) are in the alternative. Even though the tax may not be excepted from discharge pursuant to § 523(a)(1)(B)(ii) the taxes are not discharged because the state can take advantage of § 523(a)(1)(A) and § 507(a)(7)(A)(i) and (E). Behind each exception to discharge are separate policy considerations ... Moreover, merely because a particular liability is not encompassed by a particular exception to discharge does not provide it a safe harbor from another exception which squarely applies.

91 B.R. at 845.

Finally, the court distinguished *Doss* because it relies on § 507(a)(7)(A)(iii), concluding that the statutory interpretation of *Doss* cannot be extended to this case. Thus, the court held that the Etheridges' Retailers Occupation tax liability of $14,658 is not dischargeable.

The State and the bankruptcy court offer persuasive reasons for their conclusion that the tax liability due between two and three years before the bankruptcy filing should be non-dischargeable. Therefore, this Court AFFIRMS the bankruptcy court's decision.