### In re LEMKE, William R. and Lemke, Mary Ann, Debtors.

#### Bankruptcy No. 90–01314–13.

United States Bankruptcy Court, D. Idaho.

Feb. 4, 1991.

---

Stephen W. French, Boise, Idaho, for debtors.

Daniel H. Rosenhouse, Asst. Atty. Gen., Dept. of Justice, Portland, Or., for Oregon Dept. of Revenue.

Barry Zimmerman, Meridian, Idaho, trustee.

## SUMMARY ORDER

ALFRED C. HAGAN, Chief Judge.

The debtors have objected to the priority status of the claim of the Oregon Department of Revenue involving the debtors' 1985 state income taxes. The claim arose as the result of an audit done by the United States Internal Revenue Service. The IRS shared the results of the audit with the Oregon Department of Revenue. The Oregon Department of Revenue then readjusted the debtors' return which resulted in an increase in the debtors' state tax liability. A notice of deficiency was sent to the debtors on February 21, 1990. A notice of assessment was issued on April 24, 1990, the day the debtors filed their petition. Debtors contend the claim is not entitled to priority status since the assessment was made before the filing of the petition.

The state of Oregon contends under Oregon law the taxes were assessable until February 21, 1991 and thus the taxes were assessable under applicable law [1] after the commencement of the case. Under Section 507(a)(7)(iii),[2] taxes assessed after the commencement of the case are entitled to priority.

The debtors rely on *In re Doss*, 42 B.R. 749 (Bankr.E.D.Ark., 1984). In *Doss*, the debtors filed late returns approximately 2-½ years before the filing of a petition in chapter 7. The court held unassessed taxes for the years the late returns were filed were not entitled to priority under Section 507(a)(7) since Section 507(a)(7) contains an exception to priority for taxes under Section 523(a)(1)(B), and the taxes met the requirements under Section 523(a)(1)(B)(ii) as the taxes were filed late and the filing was more than two years prior to the bankruptcy.

The *Doss* case is dissimilar to the instant case since the taxes at issue do not meet the requirements of Section 523(a)(1)(B)(ii) and thus are not contained in the exclusion contained in Section 507(a)(7)(A)(iii). The debtors' tax return was filed on April 10, 1986, five days before the deadline. Thus, it was filed more than two years prior to

---

1. Or.Rev.Stat. 314.410(4) provides:

   The tax deficiency must be assessed and notice of tax assessment mailed to the taxpayer or authorized representative, who is authorized in writing, within one year from the date of the notice of deficiency unless an extension of time is agreed upon as prescribed in subsection (6) of this section.

2. Section 507(a)(7)(A)(iii) provides:

   (a) The following expenses and claims have priority in the following order:

   . . . . .

   (7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—

   (A) a tax on or measured by income or gross receipts—

   . . . . .

   (iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case;

the petition, but it was not untimely filed as required by Section 523(a)(1)(B)(ii).

As the taxes were assessable under Oregon law until February 21, 1991 the taxes were assessable after the commencement of the case as required by Section 507(a)(7)(A)(iii). Therefore, the taxes are entitled to priority.

Accordingly, it is hereby,

ORDERED:

The debtors' objection to the claim of the State of Oregon, Department of Revenue is denied.