UNITED STATES of America,
Plaintiff-Appellant,

v.

Ulises A. SANABRIA et al., Defendants-
Appellees.

No. 17145.

United States Court of Appeals,
Seventh Circuit.

April 28, 1970.

Thomas A. Foran, U. S. Atty., Chicago, Ill., Johnnie M. Walters, Asst. Atty. Gen., Karl Schmeidler, Atty., Tax Division, U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellant.

I. Harvey Levinson, Melvin E. Levinson, Chicago, Ill., for defendants-appellees.

Before DUFFY, Senior Circuit Judge, FAIRCHILD, Circuit Judge, and BEAMER, District Judge.[1]

FAIRCHILD, Circuit Judge.

The question on this appeal is whether a discharge in bankruptcy after the 1966 amendment to section 17(a) of the bankruptcy act prevents the lien for unpaid federal income taxes which became legally due and owing more than three years preceding bankruptcy from attaching to property acquired by the discharged debtor after bankruptcy.

The government brought action against three defendants named Sanabria to recover unpaid income taxes. Two defendants averred discharges in bankruptcy, releasing them from liability for those taxes which had become legally due and owing more than three years before bankruptcy. The government replied that liens arising on account of those taxes had been appropriately filed with the local recorder of deeds before the bankruptcy proceedings.

1. District Judge Beamer is sitting by designation from the Northern District of Indiana.

The district court granted judgment in favor of defendants with respect to the taxes allegedly discharged, and the government appealed.

The position of the government appears to be that although the taxes involved on this appeal are of sufficient age to be discharged as debts, the liens which arose and notices of which were filed retain sufficient vitality so that if the bankrupt defendants acquire property in the future it will be subject to those liens.

The bankruptcy proceedings were begun about the same time as the government brought its action to recover the taxes. Presumably the government now seeks a declaration that its liens arising out of the taxes outstanding more than three years retain such vitality, notwithstanding the discharge.

Under section 17(a) of the bankruptcy act,[2] prior to amendment in 1966, a discharge in bankruptcy did not release a bankrupt from a debt "due as a tax levied by the United States, or any state, county, district, or municipality." Clause (1) so described one of the types of provable debt not affected by a discharge.

Public Law 89–496 [3] was enacted July 5, 1966, effective 90 days later. It amended clause (1) of section 17(a) so as to limit the class of taxes not dischargeable to "taxes which became legally due and owing by the bankrupt to the United States or to any State or any subdivision thereof within three years preceding bankruptcy" and to taxes under other specified sets of circumstances usually involving some failure to act or fault with respect to the tax liability on the part of the bankrupt. As a result of this restriction of clause (1), federal, state, and local taxes not described in clause (1) have been made dischargeable in bankruptcy.

At the end of clause (1) is a proviso which is the focal point of this controversy: *"And provided further,* That a discharge in bankruptcy shall not release or affect any tax lien." The proviso means at least that a taxing authority's lien upon property already subjected to the lien at the time of bankruptcy is not released or affected by the discharge even where the tax which gave rise to the lien became legally due and owing more than three years before bankruptcy.

The government contends that the proviso means something more, so that it will have a drastic impact upon the debtor during the period following bankruptcy.

■ The lien for unpaid federal income tax has a quality by which property acquired by a delinquent taxpayer after his tax liability arises and at any time during the life of the lien becomes subject to the lien.[4] The lien imposed by 26 U.S.C. § 6321 continues until the liability is satisfied or becomes unenforceable by reason of lapse of time.[5]

The government would read the proviso as preserving this quality, where the lien had been filed before bankruptcy, into the period after bankruptcy, so that such lien would attach to property acquired by the debtor after bankruptcy.

■■ But a fair reading of section 17(a), as amended, shows, in our opinion, that the dominant purpose of the change was to relieve a debtor of the burden of these older taxes after bankruptcy. The government's interpretation would permit it to enforce (to the extent of assets acquired by the discharged debtor) collection of all its taxes, regardless of their age, if a lien had been filed. This would to so substantial a degree frustrate the real purpose of the amendment that Congress surely must not have intended the result.

In considering a situation, which, though different, suggests some of the

---

2. 11 U.S.C. § 35(a).

3. 80 Stat. 270.

4. Glass City Bank of Jeanette, Pa. v. United States (1945), 326 U.S. 265, 268, 66 S.Ct. 108, 90 L.Ed. 56, 59.

5. 26 U.S.C § 6322.

same considerations, the Supreme Court said:

"An adjudication of bankruptcy, followed by a discharge, releases a debtor from all previously incurred debts, with certain exceptions not pertinent here; and it logically cannot be supposed that the act nevertheless intended to keep such debts alive for the purpose of permitting the creation of an enforceable lien upon a subject not existent when the bankruptcy became effective or even arising from, or connected with, pre-existing property but brought into being solely as the fruit of the subsequent labor of the bankrupt." [6]

The Court went on to say that one of the primary purposes of the bankruptcy act, to permit the honest debtor to start afresh, "has been again and again emphasized by the courts as being of public as well as private interest, in that it gives to the honest but unfortunate debtor who surrenders for distribution the property which he owns *at the time of bankruptcy*, a new opportunity in life and a clean field for future effort, unhampered by the pressure and discouragement of pre-existing debt." [7]

The expressions just quoted were echoed in a committee report on the bill which provided for the amendment to section 17(a):

"Although taxes have enjoyed this special status for many years, the enormous increase in the tax burden during recent years and the consequent impact on both the distribution of a bankrupt's estate and his financial rehabilitation, require a modification of that status.

"There are two aspects to the problem. The first of these involves the nondischargeability of taxes under section 17a(1) of the present law. Frequently, this prevents an honest but financially unfortunate debtor from making a fresh start unburdened by what may be an overwhelming liability for accumulated taxes. The large proportion of individual and commercial income now consumed by various taxes makes the problem especially acute. Furthermore, the nondischargeability feature of the law operates in a manner which is unfairly discriminatory against the private individual or the unincorporated small businessman. Although a corporate bankrupt is theoretically not discharged, the corporation normally ceases to exist upon bankruptcy and unsatisfied tax claims, as well as all other unsatisfied claims, are without further recourse even though the enterprise may continue in a new corporate form." [8]

Several district courts have decided that liens which arose from taxes which are discharged in bankruptcy under amended section 17(a) remain effective only upon assets existing as of the date of bankruptcy.[9]

The legislative history is more fully described in those decisions. At the very best for the government, portions of the history are ambiguous. Several statements of Senators, relied on by the government, which might possibly be construed to support the government position, never really make it clear that the speaker was addressing himself to an effect of the federal lien on property acquired after bankruptcy, or asserting more than that a lien, recorded before bankruptcy, would retain its full effect upon property interests which became subject to it before bankruptcy.

The judgment is affirmed.

6. Local Loan Co. v. Hunt (1934), 292 U.S. 234, 243, 54 S.Ct. 695, 698, 78 L.Ed. 1230, 1235.

7. Ibid.

8. S.Rep.No. 1158, 89th Cong., 2d Sess. (1966), U.S.Code Cong. & Admin.News 1966, pp. 2468, 2469.

9. In re Carlson (C.D.Cal., 1968), 292 F. Supp. 778, 782; In re Joseph Luks, Bankrupt (N.D.Ohio, 1968), 68–2 U.S. T.C. par. 9549; In re Braund (C.D.Cal., 1968), 289 F.Supp. 604. See Kennedy, The Bankruptcy Amendments of 1966, 1 Ga.L.Rev. 149, 179, and fn. 122 (1967).