In re Thomas S. HUBBARD, Jr., Debtor.

Thomas S. HUBBARD, Jr., Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 91–130050–BKC–AJC–A.

Adv. No. 91–0583–BKC–AJC–A.

United States Bankruptcy Court, S.D. Florida, Miami Division.

Dec. 19, 1991.

---

Jordan Bublick, Miami, Fla., for debtor/plaintiff.

A.B. Phillips, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARY D. SCOTT, Bankruptcy Judge (Visiting).

THIS CAUSE came on for trial on November 20, 1991, before the Honorable Mary Davies Scott. Jordan Bublick appeared for the debtor plaintiff and A. Brian Phillips, U.S. Department of Justice, Tax Division, appeared on behalf of the United States of America. At issue before the Court is the extent to which the United States is secured. The debtor asserts that the United States tax debts are secured only to the extent of his property and rights to property as reflected in his schedule of assets filed in the bankruptcy. The United States disputes that the figures set forth in the schedules are correct, asserting that there are additional assets, valued at approximately $30,000, which are not reflected in the schedules.

### FINDINGS OF FACT

1. The debtor has extensive income tax liabilities for the 1983, 1984, 1985, and 1986 taxable years which are dischargeable [1] pursuant to section 507(a)(7).

2. The federal income tax liabilities for the 1983, 1984, 1985, and 1986 taxable years are secured by the Notice of Federal Tax Lien, filed in the appropriate jurisdiction prior to the filing of the petition in bankruptcy.

3. The debtor owns a baby-grand piano, valued at $1,500 which was not listed in the schedule of assets.

4. The debtor holds as an asset 100 percent of the stock in the corporation, Hubbard & Realtime, Inc.

5. The value of the debtor's shares in Hubbard & Realtime, Inc, is listed as $2,000 on the schedule of assets.

---

1. There are other tax liabilities the non-dischargeability of which are not in dispute.

6. Hubbard & Realtime, Inc. holds the following as assets (a) equipment valued at $2,000; and (b) a shareholder's receivable in the amount of $29,213.00.

7. The debtor emphatically stated that he intends to repay the $29,213 he owes to the corporation.[2]

8. The value of the shares in the Hubbard & Realtime, Inc. owned by the debtor equaled $31,213 on the date of filing of the petition in bankruptcy.[3]

9. The schedule of assets lists a total value of all debtor's property and rights to property in the amount of $7,725.

10. The value of all debtor's property and rights to property, as of the date of the filing of the Chapter 7 petition in bankruptcy, is $38,438. This amount consists of $7,725, originally listed in the schedules, including a value of $2,000 for the stock in the corporation; $1,500, reflecting the addition of the piano; and $29,213, the amount by which the value of the shares was increased.

11. The United States is secured by its Notice of Federal Tax Lien in the total sum of $38,438.

### CONCLUSIONS OF LAW

This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(a) and 157(a). Moreover, the Court finds that this is a "core proceedings" within the meaning of 28 U.S.C. § 157(b)(1) as exemplified in § 157(b)(2)(K). Accordingly, this Court may enter a final judgment in the matter.

Section 506(a) of the Bankruptcy Code (11 U.S.C.) provides that "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property." In the instant case, the Court must determine the extent to which the United States is secured by its Notice of Federal Tax Lien on all property and rights to property of the debtor.

The debtor listed $7,725[4] as the exempt amount. During trial, the debtor increased this amount to $9,225, to reflect ownership of a baby grand piano. The United States contends that the debtor has incorrectly stated the value of stock in the corporation Hubbard & Realtime, Inc.: the debtor failed to take into account the value of a shareholder receivable. As an asset of the corporation, the value of the receivable must be taken into account in determining the value of the shares. The forceful testimony of the debtor that the debt to the corporation will be repaid is a second reason mandating that the receivable must be taken into account.

Further, the receivable must be considered despite the debtor's argument that the receivable is valueless because it is dischargeable in this bankruptcy proceeding. In determining the extent to which a creditor is secured, this Court must look to the value of the collateral as of the date of the filing of the Chapter 7 petition in bankruptcy, not as of the date of discharge. See In re May Reporting Services, Inc., 115 B.R. 652, 657 (Bankr.D.S.D.1990); In re Frengel, 115 B.R. 569, 572 (Bankr.N.D. Ohio 1989).

In order to determine the extent to which the United States is secured, the Court must determine the fair market value of the 100 percent ownership of the corporation Hubbard & Realtime, Inc., as of the date of filing of the petition in bankruptcy. The debtor's schedules list the value of the ownership as $2,000. The schedules also indicate that the corporation owns a shareholder receivable of approximately $29,000.

---

2. The debtor provided no evidence as to whether a reaffirmation agreement was entered into with regard to the debt to the corporation. Accordingly, the Court has before it solely the debtor's rather emphatic testimony that those funds will be repaid to the corporation.

3. The debtor introduced no evidence regarding the value of the stock, but relied upon the statement made in the schedule of assets.

4. This amount includes a listed value of $2,000 for the shares of the corporation Hubbard & Realtime, Inc.

Fair market value is generally characterized as "the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell and both having reasonable knowledge of relevant facts." *United States v. Cartwright*, 411 U.S. 546, 551, 93 S.Ct. 1713, 1716, 36 L.Ed.2d 528 (1973). While various methods of determining the value of stock exist, this Court is limited by two factors: (1) the stock is not listed on an exchange; and (2) the paucity of evidence regarding the value of the stock. As a general matter, in determining the value of the stock where market quotations are not available, the following factors may be considered:

(a) The nature of the business and the history of the enterprise from its inception.

(b) The economic outlook in general and the condition and outlook of the specific industry in particular.

(c) The book value of the stock and the financial condition of the business.

(d) The earning capacity of the company.

(e) The dividend-paying capacity.

(f) Whether or not the enterprise has goodwill or other intangible value.

(g) Sales of the stock and the size of the block of stock to be valued.

(h) The market price of stocks of corporations engaged in the same or a similar line of business having their stocks actively traded in a free and open market, either on an exchange or over the counter.

*Estate of Murphy*, T.C.Mem. 1990–472, 60 T.C.M. (CCH) 645 (citing Rev.Rul. 59–60). The value of stock may also be discounted where the block is a minority of shares or there exists a lack of marketability for the shares.[5] *See id.*

In the instant case, the Court has only the following facts before it:

(1) The corporation is not in bankruptcy and is apparently still operating, *i.e.*, the company is a "going concern."[6]

(2) The assets of the corporation consist of $2,000 of equipment and an shareholder's receivable of approximately $29,000.

(3) The block of stock to be valued consists of 100 percent of the outstanding shares.

(4) The debtor-shareholder emphatically states that the receivable will be paid to the company, thereby giving some certainty that the receivable has value.

The United States introduced evidence regarding the value of the stock: the debtor's testimony and the schedules. The debtor has come forward with no other information regarding the value of the stock. The lack of evidence by the debtor regarding the value is fatal: this Court will not assume factors or discounts not in evidence. *See In re Vienna Park Properties*, 132 B.R. 517, 520 (Bankr.S.D.N.Y.1991) ("This Court need not determine whether it is appropriate to deduct liquidation costs because the Debtor has failed to adduce any evidence at trial on the nature or amount of costs of liquidation of the Property."). Thus, before the Court is some evidence of the value of the assets, evidence that the corporation is a going concern, and evidence that control rests with one person. The Court will not make any assumptions regarding the values, but will rely upon the evidence presented. The only evidence presented regards the value of the assets of the corporation. No evidence having been presented regarding other factors or possible discounts, the Court finds that the value of the debtor's stock in Hubbard & Realtime, Inc. was $31,213 on the date of filing of the petition in bankruptcy.

A separate judgment will be entered in accordance with the foregoing.

IT IS SO ORDERED.

---

5. The minority discount reflects a decreased value of shares that do not convey control of the corporation. The lack of marketability discount reflects the lack of a ready market for the shares of a closely held corporation. *Estate of Murphy*, 60 T.C.M. (CCH) 645.

6. The going concern value is generally higher than a liquidation value. *See Estate of Murphy*, 60 T.C.M. (CCH) 645.

**434**

### JUDGMENT

THIS ACTION came on for trial before the Court, the Honorable Mary Davies Scott, Bankruptcy Judge, presiding, and the issues having been duly tried and a decision having been duly rendered, it is hereby

ORDERED that the United States of America holds a secured claim by virtue of its Notice of Federal Tax Lien, in the total sum of $38,438.

IT IS SO ORDERED.