**In the Matter of Dennis J. DISHONG, Debtor.**

**Dennis J. DISHONG, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF the TREASURY INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 95–00070–8B7.**
**Adv. No. 95–0088.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 23, 1995.

Charles H. Dittmar, Jr., Tampa, FL, for Debtor/Plaintiff.

Philip Doyle, Trial Attorney, Tax Division, U.S. Dept. of Justice, Washington, DC, for Defendant.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for consideration upon Plaintiff's Motion for Summary Judgment. This Court has considered all arguments and evidence consistent with a ruling on a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986) (holding the standard of proof in sum-

mary judgment rulings is the same as it would be at trial); *Celotex v. Catrett*, 477 U.S. 317, 323–35, 106 S.Ct. 2548, 2552–59, 91 L.Ed.2d 265 (1986) (discussing the appropriate burdens of proof and types of evidence to use in summary judgment decisions); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–88, 106 S.Ct. 1348, 1355–57, 89 L.Ed.2d 538 (1986) (detailing the elements of summary judgment analysis).

## I. FACTS/BACKGROUND

Plaintiff/Debtor filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code. The Debtor filed this adversary proceeding to seek two counts of relief: (1) discharge of individual taxes during 1982, and (2) a ruling on the effect of the outstanding, valid 1982 federal tax lien. The parties filed cross Motions for Summary Judgment.

The 1982 individual income taxes, penalties, and interest were discharged by Consent Final Judgment as to Count I entered August 22, 1995. The Plaintiff's Motion asserts no genuine issues of material fact remain and a ruling may be made on Count II, the effect of the discharge on the remaining 1982 federal tax lien. The Defendant, United States Department of Treasury, Internal Revenue Service ("Government"), asserts in its Motion this Court lacks jurisdiction to

determine Count II, or in the alternative, Count II asks for inappropriate, speculative relief. The Government asks this Court to rule in its favor due to these limitations.

## II. DISCUSSION

The Government's main arguments against granting the relief Plaintiff seeks fall into the following categories: (1) No bankruptcy purpose is served by granting the relief; (2) The Anti–Injunction Act prohibits this Court granting the relief; and (3) The Declaratory Judgment Act prohibits this Court granting the relief. The Plaintiff asserts this Court has a bankruptcy purpose in adjudicating this claim, and the Anti–Injunction and Declaratory Judgment Acts have no application to this claim. This Court agrees with the Plaintiff.[1]

### A. Jurisdiction

This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. section 1334(b) and (e) and section 157(a). *See Celotex Corp. v. Edwards*, — U.S. —, — – —, 115 S.Ct. 1493, 1498–99, 131 L.Ed.2d 403 (1995). Further, this Court finds this matter is a core proceeding specifically defined to allow "determinations of the validity, extent, or priority of liens." Title 28 U.S.C. § 157(b)(2)(K).[2] Because it is

---

**1.** The Defendant offers no case law to support the application of the Anti–Injunction Act, 26 U.S.C. § 7421, to this case. The Defendant merely argues any future property is not property of the bankruptcy estate, thus any determinations made regarding the effect of the federal tax lien on postpetition property is solely within the discretion of the Internal Revenue Service. The Debtor does not seek any injunctive relief in this case, but rather a mere determination of the extent of the Government's lien—which in no way violates the Anti–Injunction Act.

Similarly, the Defendant's characterization of the Debtor's claim as seeking a declaration of rights, i.e. an advisory opinion as to a possible future controversy, misses the mark. The Debtor seeks to have determined the extent of the Internal Revenue Service's *presently held* lien. Such a determination is contemplated in the Bankruptcy forum within the declaratory judgment context. *See generally* 1 **Collier On Bankruptcy** § 3.01(8) at 3–118 to 3–120 (Lawrence P. King ed., 15th ed. 1995) (describing the scope of the limitations on declaratory judgments). The dispute is ripe for consideration by this Court. The

Government offers a single case as to the non-applicability of the Declaratory Judgment Act, 28 U.S.C. § 2201, to this case. The citation, *BP Chemicals Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 977–78 (Fed.Cir.1993), explores the definition of "actual controversy," but offers no support for the argument that applying the Declaratory Judgment Act to the determination of the extent of a federal tax lien in Bankruptcy is a misuse of the Act.

Finally, a plethora of cases in Bankruptcy Courts address the issues raised by this case—namely the dischargeability vel non of federal income taxes and the extent of federal tax liens.

**2.** Title 28 U.S.C. § 157(b)(2) is a non-exclusive laundry list of proceedings considered "core" in Bankruptcy. The distinction between core and noncore proceedings is a final judgment may be entered in the former, but only proposed findings of fact and conclusions of law may be made in the latter for review by the district court. Title 28 U.S.C. § 157(b)(1) and 157(c)(1); *see In re Celotex*, 152 B.R. 667, 672 n. 7 (Bankr.M.D.Fla. 1993); *In re Hubbard*, 135 B.R. 430, 432 (Bankr. S.D.Fla.1991).

a core proceeding, this Court may enter a final judgment in this matter. *See In re Hubbard,* 135 B.R. 430, 432 (Bankr.S.D.Fla. 1991).

## B.  Bankruptcy Purpose

■ As a preliminary matter, it is important to note the Debtor does not seek to *avoid* the 1982 federal tax lien, but rather to *define* its scope. (*Compare* Pl.'s Mem. of Law on Mot.'s for Summ.J. at 5 *with* Def.'s Mot. for Summ.J. at 3.)[3] Addressing this inquiry necessarily implicates the Debtor's fresh start, which is at the heart of bankruptcy's purpose. One court confronted with a similar inquiry phrased the issues as follows:

> The court does not agree that there is no bankruptcy purpose in dealing with the Debtor's objection. If the claim secured by the lien is invalid but the Debtor has to pay it anyway to save his residence, his opportunity for a fresh start may be inhibited. That is reason enough for invoking this court's protection and its jurisdiction to adjudicate disputes concerning claims. The argument that the Debtor has no interest in the matter because creditors will not get anything is a spurious one. Bankruptcy courts regularly adjudicate disputes concerning lien claims in no asset cases. The Defendant has cited no statutory provision stating such a rule for a good reason; there is none.

*In re Fyfe,* 186 B.R. 290, 291–92 (Bankr. N.D.Ga.1995). The *Fyfe* court determined the amount of its debtor's federal income tax for certain years, whether the taxes were dischargeable, and the technical validity of a tax lien on debtor's property. *Id.* at 291. The reasoning of the *Fyfe* court is persuasive, as it rejects the Government's argument that no bankruptcy purpose is served by defining the federal tax lien.

## C.  Effect of Discharge of 1982 Taxes on the Validity of the 1982 Tax Lien

■ Bankruptcy law clearly holds that a Debtor's discharge for *in personam* liability for taxes does not effect the *in rem* obligations of a tax lien based on tax liability discharged. *In re Isom,* 901 F.2d 744, 745–46 (9th Cir.1990); *U.S. v. Sanabria,* 424 F.2d 1121, 1122 (7th Cir.1970); *In re Leavell,* 124 B.R. 535, 540 (Bankr.S.D.Ill.1991); *In re Frengel,* 115 B.R. 569, 571 (Bankr.N.D.Ohio 1989); *see* 11 U.S.C. § 522(c)(2). Therefore, in this case, the discharge of the 1982 personal income taxes does not affect the validity or enforceability of the 1982 federal tax lien.

## D.  The Extent of the 1982 Tax Lien

■ The filing of a Notice of Federal Tax Lien in May 1994 secured the tax debt, placing a lien on "all property and rights to property, whether real or personal" in favor of the United States. 26 U.S.C. § 6321.[4] The key to defining the lien in this case, however, is understanding the effect of bankruptcy discharge of the underlying taxes on the *extent* of the tax lien on Debtor's postpetition property. *See* 11 U.S.C. § 524.

■ The distinction between dischargeable and nondischargeable taxes is the continued personal liability of the Debtor. When taxes are nondischargeable, the taxes and any tax lien pass through the bankruptcy and continue to hold the debtor liable both personally and for any property interests effected by the lien.[5] When taxes are dischargeable, however, the Bankruptcy Code terminates the debtor's *in personam* liability for those taxes.

■ As discussed above, any valid, federal tax lien survives *in rem* against the property it attached to prepetition. However, courts

---

3. The Defendant also asserts this Court, with regard to abandoned property, "may *not* make a determination of the validity or extent of liens; with respect to such property, it is as if no bankruptcy petition had been filed." Def.'s Mot. for Summ.J. at 3. The federal tax lien in question is not alleged to attach to any property, abandoned vel non. Therefore, this argument would not apply.

4. State law is used only to determine what property and rights to property exist, but federal law controls the validity and enforcement of the lien. *See In re Reed,* 127 B.R. 244, 246–47 (Bankr. D.Haw.1991); *In re Kirk,* 100 B.R. 85, 87 (Bankr.M.D.Fla.1989).

5. *In re Olson,* 154 B.R. 276, 282 (Bankr.D.N.D. 1993); *Leavell,* 124 B.R. at 540.

have determined the tax lien based on dischargeable taxes does not survive to attach postpetition to Debtor's after acquired property. *Sanabria,* 424 F.2d at 1122–23 (affirming district court ruling limiting federal tax lien to assets attached at date of petition); *In re Braund,* 423 F.2d 718, 718–19 (9th Cir.) (per curiam), *cert. denied United States v. McGugin,* 400 U.S. 823, 91 S.Ct. 44, 27 L.Ed.2d 51 (1970) (holding the proper interpretation is not to extend prepetition tax liens to assets acquired postbankruptcy); *In re Wessel,* 161 B.R. 155, 159 (Bankr.D.S.C. 1993) (holding tax liens attached to prepetition right to annuity payments, but "as the taxes were discharged in this action, it is true that these liens will not attach to property, or rights to property, that plaintiff acquires post-petition."); *In re Olson,* 154 B.R. 276, 282 (Bankr.D.N.D.1993) (differentiating liens on nondischargeable taxes from liens on dischargeable taxes because the latter "survive bankruptcy only as to the debtor's prepetition property"); *In re Gidley,* 138 B.R. 298, 300–301 (Bankr.M.D.Fla.1992) (holding valid federal tax lien did not attach to property acquired by Debtors from Trustee at a private sale postpetition as this was after acquired property); *Leavell,* 124 B.R. at 540 ("Tax liens securing dischargeable debts, however, do not attach to the debtor's post-petition after-acquired property.") *Frengel,* 115 B.R. at 572 ("Post-petition appreciations in the value of property, as well as after acquired property, inure to the benefit of a debtor under the fresh start principle.")[6]. Reasoning in these cases is uncontroverted and this Court finds the 1982 tax lien is valid and enforceable only as to property owned by the Debtor at the time of the filing of the bankruptcy petition.

Interpreting the law to allow a lien on dischargeable taxes to attach to property acquired postpetition would defeat the purpose of having dischargeable taxes. As the *Sanabria* Court noted:

The government's interpretation would permit it to enforce (to the extent of assets acquired by the discharged debtor) collection of all its taxes, regardless of their age, if a lien had been filed. This would to so substantial a degree frustrate the real purpose of the amendment that Congress surely must not have intended the result.

*Sanabria,* 424 F.2d at 1123. The *Sanabria* Court continued, quoting the United States Supreme Court:

"An adjudication of bankruptcy, followed by a discharge, releases a debtor from all previously incurred debts, with certain exceptions not pertinent here; and it logically cannot be supposed that the act nevertheless intended· to keep such debts alive for the purpose of permitting the creation of an enforceable lien upon a subject not existent when the bankruptcy became effective or even arising from, or connected with, pre-existing property but brought into being solely as the fruit of the subsequent labor of the bankrupt."

*Id.* at 1123 (quoting *Local Loan Co. v. Hunt,* 292 U.S. 234, 243, 54 S.Ct. 695, 698–99, 78 L.Ed. 1230 (1934)).

## III. CONCLUSION

The law clearly defines the parties' relative positions in this case. The discharge of the 1982 personal income taxes limits the federal tax lien for those taxes to assets owned or acquired by the debtor prepetition. Any property acquired postpetition will not be subject to the federal tax lien for the 1982 taxes. The Court has jurisdiction to make this ruling and is not prevented from ruling by either the Declaratory Judgment Act or the Anti–Injunction Act.

Accordingly, it is

ORDERED, ADJUDGED, AND DECREED Plaintiff Dennis J. Dishong's Motion

---

6. *See also* **3 William L. Norton, Jr., Norton Bankruptcy Law and Practice 2d** § 47–12, at 47–20 to 47–21.

> It is perhaps arguable that tax liens obtained prior to bankruptcy have such unique qualities that they reach property acquired after bankruptcy despite discharge of the underlying liability. That argument was soundly rejected under prior law, and those decisions retain vitality today, their rationale being consistent with the Code. Thus, a notice of tax lien based upon a discharged tax liability does not affect property acquired by the debtor after bankruptcy.
>
> *Id.* (citation omitted) (citing *Sanabria,* 424 F.2d 1121; *Braund,* 423 F.2d 718).

for Summary Judgment as to Count II is granted, and Defendant United States Department of the Treasury, Internal Revenue Service's, Motion for Summary Judgment as to Count II is denied. The Court will enter a separate judgment consistent with this ruling.

**DONE AND ORDERED.**