In the Matter of Donald McCORKLE, Debtor. (Two Cases)

Donald McCORKLE, Plaintiff,

v.

STATE OF GEORGIA, DEPARTMENT OF REVENUE, Defendant.

Donald McCORKLE, Plaintiff,

v.

UNITED STATES, INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 96–10479.

Adversary Nos. 96–1044, 96–1045.

United States Bankruptcy Court, M.D. Georgia, Albany Division.

May 30, 1997.

Allen P. Turnage, Kelley & Lovett, P.C., Albany, GA, for Plaintiff/Debtor.

W. Wright Banks, Jr., Assistant Attorney General, Georgia Department of Law, Atlanta, GA, for State.

Bernard Snell, Assistant United States Attorney, Macon, GA, for United States.

*MEMORANDUM OPINION*

JAMES D. WALKER, Jr., Bankruptcy Judge.

Donald McCorkle ("Plaintiff" or "Debtor") commenced two adversary proceedings to determine the extent of certain tax liens held

by the State of Georgia and the United States Internal Revenue Service (collectively, "Defendants"). The parties have stipulated that the sole issue remaining to be determined in each adversary proceeding is whether Defendants may renew their tax liens post-discharge. The facts and applicable law are substantially similar in these two adversary proceedings. While only the State of Georgia has filed a Motion for Summary Judgment, all parties have agreed that a final order will be entered in both cases based on this Memorandum Opinion. Accordingly, this Memorandum Opinion serves as the Court's analysis in both cases.

This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(K). After considering the pleadings, evidence presented and applicable authorities, the Court enters the following findings of fact and conclusions of law in compliance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

The Complaints in these adversary proceedings were filed on September 10, 1996, requesting the following relief:

(a) that the taxes [for tax years prior to tax year 1992] be discharged entirely, including all penalties and interest pertinent thereto;

(b) that the Court determine if there is any non-dischargeable tax liability remaining against the Debtor; and

(c) for an Order directed to [Defendants] to issue a certificate of release of all liens against the Debtor; and

(d) for such other and further relief as this Court deems just and proper.

On November 18, 1996, Amendments to the Complaints were filed[1] adding prayers for relief as follows:

(b) that the Court order [Defendants] to cancel all tax liens for tax year [sic] prior to 1992 or, in the alternative,

(c) that the Court order that [Defendants] shall not be entitled to renew [their liens], or to enforce [their liens] against any property that is not property of the bankruptcy estate.

On October 22, 1996, the State of Georgia filed a Motion for Summary Judgment contending that "a lien valuation or cancellation such as that sought by Plaintiff is unavailable in a Chapter 7 case." On November 25, 1996, Plaintiff filed a Response to that Motion. In his Response, Plaintiff concedes that the State of Georgia "may exercise its *in rem* rights against the property of the bankruptcy estate." (Plaintiff's Response at 2.) However, Plaintiff contends that "any renewal of its lien would allow the state to continue to pursue the debtor, individually, his post-petition wages, and other after-acquired property based upon a discharged debt." *Id.*

The United States did not file a similar Motion for Summary Judgment. Nonetheless, the principles established in ruling on the State of Georgia's Motion will be equally applicable in the case against the United States.

A hearing was held on January 21, 1996 to clarify the parties' positions. At that hearing, the parties agreed that Debtor's underlying tax liability for all years prior to 1992 is either dischargeable or not owing. The parties also agreed that the liens will survive bankruptcy, but that they only attach to pre-petition property. Accordingly, the sole issue remaining to be determined is whether Defendants may take any action in the future to renew their liens in order to maintain their perfection.

### Conclusions of Law

Summary judgment is appropriate when there is no dispute as to any material fact and the moving party is entitled to judgment as a matter of law. F.R.Civ. P. 56(c);[2] *Combs v. King*, 764 F.2d 818 (11th Cir.1985). If there is a genuine issue of fact in dispute,

---

**1.** The State of Georgia consented to allowing the Amendment in its Response to Motion to Allow Amendment to the Complaint which was filed on December 5, 1996. The United States also consented to the Amendment via a Consent Order filed on January 17, 1997.

**2.** Rule 56 is made applicable by Federal Rule of Bankruptcy Procedure 7056.

summary judgment must be denied. *Warrior Tombigbee Transportation Co. Inc. v. M/V Nan Fung,* 695 F.2d 1294 (11th Cir.1983). The party seeking summary judgment may do so by showing that an essential element of the non-movant's case is lacking. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The non-moving party must then come forward with sufficient proof to establish the existence of an essential element of its claim. If it cannot, summary judgment is appropriate. *Id.* at 322–323, 106 S.Ct. at 2552–2553.

Here, there are no material facts in dispute. The issue of whether the tax liens may be renewed in the future is purely legal. Therefore, summary judgment is appropriate.

### *Federal Declaratory Judgment Act*

In asking that this Court decide whether, at some point in the future, the tax liens will be permitted to be renewed, Plaintiff, in essence, seeks a declaratory judgment.[3] In this Court, declaratory judgments are governed by the Federal Declaratory Judgment Act which states the following:

> (a) In a case of actual controversy within its jurisdiction, ... [4] any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201 (1996).

▬▬▬ Under this Act, in order for a court to issue a declaratory judgment, it must preliminarily determine whether there exists a "case of actual controversy" that is ripe for decision. *Lake Carriers' Ass'n v. MacMullan,* 406 U.S. 498, 506, 92 S.Ct. 1749, 1755, 32 L.Ed.2d 257 (1972). "The test to be applied is 'whether ... there is substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " *Id.* (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941)). The United States Court of Appeals for the Eleventh Circuit has stated that "the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than a speculative threat of future injury." *Emory v. Peeler,* 756 F.2d 1547, 1552 (1985) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 103–04, 103 S.Ct. 1660, 1666, 75 L.Ed.2d 675 (1983)).

▬▬▬ The only significant property of the bankruptcy estate is a mobile home and the small tract of land upon which it is situated. Debtor's attorney states the land is worth $5,000 and the mobile home situated on it is worth $3,000. Debtor's attorney states further that the first mortgage on this land and dwelling is $15,000. This first mortgage will survive bankruptcy.

Since it appears that the property is worth much less than the debt for which it stands as security, Debtor has to make a choice. He might make payments on the first mortgage and hope that the tax liens will expire before the value of the property exceeds the payoff on the mortgage. This option would require that Debtor pay $7,000 more in mortgage payments than the property is worth to enjoy ownership of it. Since the property is his dwelling, he might be willing to make such an investment.

---

**3.** A declaratory judgment is defined as follows:
Statutory remedy for the determination of a justiciable controversy where the plaintiff is in doubt as to his legal rights. A binding adjudication of the rights and status of litigants even though no consequential relief is awarded [citation omitted].
Black's Law Dictionary 409 (6th ed.1990).

**4.** The portion of the statute which has been omitted here lists certain types of proceedings which are excepted from the rules outlined in the statute. The Court recognizes that a proceeding under 11 U.S.C. § 505 (Determination of tax liability) is listed as one of these exceptions. Since the issue here is whether the tax liens may be renewed post-discharge rather than the legality of the underlying tax, an analysis of the interplay between 11 U.S.C. § 505 and 28 U.S.C. § 2201 is not necessary.

If on the other hand, if the State of Georgia and the United States have the right to renew their tax liens, Debtor would have no realistic prospect for ever owning the property free of liens. Debtor would surely be better served in this event by a decision to purchase another property. Debtor's decision to abandon the property now or keep it and make the mortgage payments may turn immediately on the knowledge of whether these liens can be renewed. Even though this controversy centers around an act that may only take place in the future, the present property interest of Debtor is immediately and directly affected.

Therefore, the Court finds that there does exist a "case of actual controversy" within the meaning of the Federal Declaratory Judgment Act. There are "adverse legal interests, of sufficient *immediacy and reality*" as required by *Lake Carriers'*. 406 U.S. at 506, 92 S.Ct. at 1755 (emphasis added). It must be noted that the interest does not have to be substantial. It is the "immediacy and reality" of the interest which determines the applicability of the Federal Declaratory Judgment Act. If financial prudence were the standard, there would be no cause for further consideration of this case since the economic realities point to the Debtor's abandonment of this property, without regard to any determination as to the continuing validity of the liens. Such an interest, however nominal or minimal it might appear, is the Debtor's homeplace, and as such, is the subject of this effort to establish the terms by which the Debtor's enjoyment of it will be determined.

For reasons that may not be economic, the Debtor may prefer to continue to retain the property and endure the economic disparity between the amount of the first mortgage and the fair market value of the property. It is not for this Court to make such decisions for this Debtor or any other litigant. Instead, the role of the Court here is to adjudicate the rights of the parties as long as they are presented as a "case of actual controversy" within the meaning of the Federal Declaratory Judgment Act.

Having found that the requirements of the Federal Declaratory Judgment Act have been satisfied, the Court will now discuss the merits of Plaintiff's contention that Defendants should not be permitted to renew their tax liens in order to maintain perfection.

*Effect of the Discharge Injunction*

■ Plaintiff argues that the only reason Defendants would have for renewing the tax liens is to collect on discharged debt in violation of the "discharge injunction" found in Bankruptcy Code section 524. That section states the following:

(a) A discharge in a case under this title—
(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

11 U.S.C. § 524. Defendants contend that this provision only enjoins actions against a debtor personally, not the enforcement of a lien which attaches to pre-petition property. The Court agrees with Defendants' position.

In arguing that the discharge injunction prohibits renewal of the tax liens, Plaintiff apparently relies on the language enjoining "*continuation* of an action ... to collect, recover or offset any such debt.... " 11 U.S.C. § 524(a)(2) (emphasis added). This argument contradicts the Supreme Court holding which provides that a creditor's lien passes through bankruptcy and stays with real property until foreclosure. *See Dewsnup v. Timm*, 502 U.S. 410, 417, 112 S.Ct. 773, 778, 116 L.Ed.2d 903 (1992). Since *Dewsnup*, many courts have applied the same rule to situations involving nonconsensual liens, including tax liens. *See e.g., In re Swafford*, 160 B.R. 246 (Bankr.N.D.Ga.1993); *Matter of Dishong*, 188 B.R. 51 (Bankr.M.D.Fla.1995); *United States v. Uria*, 180 B.R. 688 (S.D.Fla. 1995). If this Court were to hold that renewal of a lien is a violation of section 524 because it is the "continuation of an action," then parallel reasoning would dictate that any action taken to enforce a post-discharge lien would likewise violate the provision enjoining "an *act*, to collect, recover or offset any such debt." 11 U.S.C. § 524 (emphasis added). Such a rule would render the holding in *Dewsnup* meaningless. The Supreme

Court could not have intended to allow liens to pass through bankruptcy to find afterwards that the actions taken to enforce such liens would be enjoined.

Indeed, the plain language of the Bankruptcy Code itself points to the opposite conclusion. Section 524(a)(2) enjoins actions designed to collect on the "personal liability of the debtor." Accordingly, to proceed *in rem* would not violate that injunction. "It is well settled, of course, that the validity and enforceability of a lien securing an obligation is not affected by the discharge of [a debtor's] personal liability for [an] obligation; the lien is preserved after the discharge is entered." *Millsaps v. United States (In re Millsaps),* 133 B.R. 547, 552 (Bankr.M.D.Fla.1991) (citing *Isom v. United States (In re Isom),* 901 F.2d 744, 746 (9th Cir.1990)). Likewise, any attempt to renew or continue a lien's enforceability is an *in rem* action which would not violate the section 524 discharge injunction.